Trumbull, J. All the facts stated in the declaration may be true, and yet the defendants below have committed no act that would subject them to this action. It is not alleged that they felled the trees without having first obtained permission so to do from the owner of the land, nor even that they did the acts complained of with force and arms, or unlawfully. The declaration, after setting forth the felling of the trees on the land of the plaintiff, alleges, that “by force of the statute in such case made and provided, an action hath accrued, &c.” There is no statute giving an action of debt in such a case as that stated. The words of the law. E, S. ch. 104, sec. 1, are: “Any person who shall cut, fell, box, bore, or destroy, or carry away any black walnut, black, white, yellow, or red oak, white wood, poplar, wild cherry, blue ash, yellow or black locust, chesnut, coffee or sugar tree, or sapling, standing or growing upon land belonging to any other person or persons, without having first obtained permission so to do, from the owner or owners of such lands, shall forfeit and pay for such tree or sapling, so cut, felled, boxed, bored or destroyed, the sum of eight dollars.” The subsequent part of the same sections prescribes a penalty of three dollars for cutting, &c., trees of anyother description than those before enumerated. The want of permission from the owner is a necessary ingredient to constitute the offence, and he who would make a party liable under the statute, must allege all the facts upon which the statute creates the penalty. The rule is well settled, that when an action is given by statute which contains an exception in the same clause which gives the right of action, the plaintiff must negative such exception in his declaration, but if there be a subsequent exemption, that is a matter of defence, and the other party must show it to protect himself against the penalty. 1 Ch. Pl. 223; Teel v. Fonda, 4 John., 304. Here the qualification of the right of action, is contained in the very same section and clause of the statute which gives the right, and should, therefore, have been negatived in the declaration; nor is the defect aided by verdict. It is not like the case of a title defectively set forth; but there is an omission to allege a fact material to the title or right to recover which is in no way connected with, and cannot be implied from any fact that is alleged. In such a case it is error to refuse a motion in arrest of judgment. Little v. Thompson, 2 Greenleaf R. 228; Williams v. Hingham, 4 Pick., 341. The declaration is also objected to, because it does not allege that the acts complained of, were done contrary to the form of the statute. This particular allegation we deem unnecessary, provided it clearly appears from the declaration that the action is founded on a statute; Cook v. Scott, 1 Gil., 333. The declaration before us is very general, and although the penalty for cutting part of the trees therein mentioned, is eight dollars, and for cutting others, three dollars per tree, yet in the declaration, a gross sum is claimed for felling he whole, without distinguishing to which class any of the trees belong. Mo advantage can probably be taken of this generality in a motion in arrest of judgment after verdict; but it would certainly be more in accordance with the rules of pleading, for the declaration to show distinctly, that under and by virtue of the statute the defendants had forfeited and become liable to pay eight dollars per tree, for each and every tree felled of certain kinds—naming them—and three dollars for others. The question of intention or knowledge on the part of the defendants that they were trespassing upon the land of the plaintiff, as necessary to render them liable to this action, was raised in the court below, has been argued here and will probably arise again upon another trial. It beeomes therefore necessary to settle it now. Notwithstanding the statute, a party may still sue in trespass for an inj ury to his timber in the same manner as if the statute had never been enacted. The object of the statute is to furnish an additional remedy to the owner of the land, and also to punish the wrong doer. To subject a party to such punishment, he must have committed the wrong knowingly and wilfully, or under such circumstances as show him guilty of criminal negligence. It could never have been the intention of the Legislature to impose a penalty upon a person, who, supposing in good faith that he was cutting upon his own land after having taken reasonable pains to ascertain its boundaries, should, inadvertently and by mistake, cut trees upon the land of another. Cushing v. Dill., 2 Scam., 461; Batchelder v. Kelly, 10 N. H. 436. For an injury committed under such circumstances, the party is left to his common law remedy by action of trespass. The judgment of the Circuit Court is reversed, and the cause remanded, with leave to the plaintiff below to amend his declaration. Judgment reversed.