HANKERSON WATKINS, Appellant, v. JONAS R. GALE, Appellee.

APPEAL FROM MASON.

To subject a party to the penalty for cutting timber provided in Rev. Stat. ch. 104, he must have committed the wrong knowingly and wilfully, or under such circumstances as show him guilty of criminal negligence; the statute does not extend to a person who fells trees upon the land of another, under a mistaken belief that his boundaries extended far enough to include the trees in controversy.

∴ Where one cuts timber, knowing it not to be upon his own land, or upon land which he had a license to cut from, the law presumes that the trespass was wilful.

⟨ To make a trespass under the statute wilful, it is not necessary that the defendant should know that the land belonged to the plaintiff.

The case of Whitecraft v. Vandever, 12 Ill. R. 235, reaffirmed.

THIS was an action of debt to recover penalties for cutting timber, under Rev. Stat. ch. 104, and was tried in the Circuit Court of Mason, at the May term thereof, 1851, before MINSHALL, Judge, and a jury.

It appeared, upon the trial, that the plaintiff entered the S. W. S. E. 32, 22 N., 5 W., of the third principal meridian, on the 24th day of September, 1849, upon which the trees in controversy were cut, and that one Henry R. Green entered the east half of the same quarter, on the 23d day of January, 1841.

The subjoined diagram (see next page) will show the true situation of these two parcels of land.

It further appeared that Green had the west line of his land run out and established by the County Surveyor of Tazewell county, before he made his entry; that this was the only established line, prior to the trespass complained of, and was notorious in the neighborhood. It further appeared, that the entry of Green was in trust for the defendant, and several other persons, and that the defendant and his servants were acting under a license from Green. It further appeared, that all of the cuttings were east of the line established by the County Surveyor of Tazewell above mentioned, and if that was the true boundary between plaintiff's and Green's entries, the plaintiff had no cause of action.

It further appeared upon the trial, that three different surveys were made after the commission of the alleged trespass, and the true line established farther east than the line run by the County

Watkins *v.* Gale.

Surveyor of Tazewell, at the instance of Green and his associates prior to his entry; and that several of the trees in controversy were cut west of the true line, and upon the land of the plaintiff.

It further appeared, that while the defendant and his servants were engaged in cutting, an agent of the plaintiff notified the defendant that the plaintiff had entered the S. W., S. E. 32, and requested him to desist until the line should be legally established by a survey, to which the defendant replied, that "he did not believe that the land was entered at all;" that the agent pointed out where he supposed the line would run; that defendant said he would go further east; that the next day defendant hauled off some of the timber he had felled.

The foregoing is the substance of all the evidence upon the trial in the court below. The plaintiff then asked the court to instruct the jury,

*First.* If they believe, from the evidence, that the defendant cut or directed his servants to cut trees on the plaintiff's land, knowing the land to be the land of the plaintiff, without the leave of

PLAT OF SECTION 32, 22 N., 5 E.

the plaintiffs, the law presumes that such cutting was done wilfully; and it is for the defendant to prove that it was not done wilfully, or was done by mistake, if he wishes to justify or excuse such cutting.

*Second.* If they believe, from the evidence, that the defendant cut trees on the plaintiff's land, knowing the same to be on the land of plaintiffs, without his leave, they will find for the plaintiff, unless they further believe that said trees were cut by mistake, or cut by the defendant in good faith, believing he was on his own claim or under the license from Green.

*Third.* If they believe, from the evidence, that the defendant was cutting timber on the plaintiff's land, without his leave, and made no claim that he was there by mistake or accident, they will find for the plaintiff.

*Fourth.* If they believe, from the evidence, that the defendant acknowledged that the land on which he cut the timber was not entered; that acknowledgment is binding on him, and if they believe, from the evidence, that he did cut the trees, and that they were cut on plaintiff's land, then said plaintiff is entitled to recover for the trees so cut.

*Fifth.* If they believe, from the evidence, that the defendant cut the trees in controversy, knowing the same not to be on his own land, or upon land that he had license to cut timber from, that the law presumed wilfulness, and it is not necessary for the defendant to know that the land belonged to the plaintiff.

The court gave instructions 1 and 2, and refused those numbered 3, 4, and 5, to which refusal plaintiff excepted.

On the part of the defendant, the Circuit Court instructed the jury as follows : —

*First.* If the jury believe, from the evidence, that the survey of Prettyman, Surveyor of Tazewell county, was made in good faith, and that the defendant had no reason to believe that said survey was incorrect, and that the line established by said Prettyman was the only established line, until after the trespasses complained of were committed, and that the defendant, believing the said line the then boundary between his land and the land of plaintiff, cut the trees in controversy east of the line established by Prettyman, they will find for the defendant, although they

may be satisfied, from the evidence, that the true line ran east of the place where the trees were cut.

*Second.* That in order to render the defendant liable to the penalty for cutting the trees in controversy, the jury must be satisfied, from the evidence, that the defendant wilfully cut the trees upon the land of the plaintiff, and not under a mistake of fact as to where the line between the plaintiff and defendant actually run.

*Third.* That the mere facts that the defendant, after notice that his boundary was disputed, cut or hauled off some of the timber, is not evidence that the conduct of the defendant was wilful in cutting the trees, if the jury believe, from the evidence, that the defendant believed, at the time, he was cutting upon his own land or on the land of Green, with Green's consent.

To these instructions the plaintiff excepted. The jury found their verdict for the defendant, and plaintiff moved for a new trial; because the verdict was contrary to law, against the evidence, does not conform to the instructions given on behalf of plaintiff; because the court refused plaintiff's instructions 3, 4, and 5, and gave defendant's instructions. The motion was overruled, and plaintiff excepted, and a bill was signed and sealed by the judge, embracing all of the foregoing facts, rulings, &c.

The plaintiff brings the cause into this court by appeal, and assigns for error, that the court below refused proper, and gave improper instructions, and overruled the plaintiff's motion for a new trial.

H. M. WEAD, for appellant,

Cited in support of the errors asssigned, Coleman *v*. Roberts, 1 Mis. R. 97; Roberds *v*. Wolfe, 1 Dana, R. 155; Benham *v*. Cary, 11 Wend. R. 83; Gaines *v*. Buford, 1 Dana, 502; Wardell *v*. Hughes, 3 Wend. R. 418; 2 Webster's Dict. Title " Wilful."

M. McCONNELL and R. S. BLACKWELL, for appellee,

Relied upon Cushing *v*. Dill, 3 Ill. R. 460; Whitecraft *v*.

Vandever, 12 Ill. R. 235; Russell *v.* Irby, 13 Ala. R. 131; Batchelder *v.* Kelly, 10 N. H. R. 436.

TREAT, C. J. This was an action of debt to recover the penalties given by the statute for cutting timber without the leave of the owner of the land. On the trial, the evidence tended to show that the defendant cut several trees on land belonging to the plaintiff, and that he was aware at the time that the land was not his own. The court refused to give an instruction asked by the plaintiff in these words: " That if the jury believe, from the evidence, that the defendant cut the trees in controversy, knowing the same not to be on his own land, or upon land that he had license to cut timber from, then the law presumes wilfulness, and it is not necessary for the defendant to know that the land belonged to the plaintiff."

The statute, under which this action was brought, received a construction in the case of Whitecraft *v.* Vandever, 12 Ill. 235, with which we are entirely content. It was there said: " The object of the statute is to furnish an additional remedy to the owner of the land, and also to punish the wrongdoer. To subject a party to such punishment, he must have committed the wrong knowingly and wilfully, or under such circumstances as show him guilty of criminal negligence. It could never have been the intention of the legislature to impose a penalty upon a person, who, supposing in good faith that he was cutting upon his own land, after having taken reasonable pains to ascertain its boundaries, should, inadvertently and by mistake, cut trees upon the land of another. For an injury committed under such circumstances, the party is left to his common-law remedy by action of trespass." Since that decision was made, our attention has been directed to the case of Russell *v.* Irby, 13 Ala. 131, in which the same construction was put upon a similar statute. The court there remarked: " We think it entirely clear, that the cutting of trees upon another's land, under the impression that the party had not gone beyond his own boundaries, was not within the contemplation of the legislature. Moral justice would forbid any extraordinary infliction in such a case, and the damages recovered at common law would afford an adequate reparation."

The instruction was applicable to the evidence, and conformable to the construction given to the statute. It is immaterial whether the defendant really intended to cut timber from the plaintiff's land. He may have incurred the penalty, although he never designed to injure the plaintiff. It is enough to sustain the action, that he cut the trees on the plaintiff's land, and that he knew at the time, or had good reason to know, that the land was not his own. The fact that he believed the land to belong to some other person than the plaintiff, and from whom he had no license to cut timber, would not relieve him from responsibility to the plaintiff. In such case, the act would be both wrongful and wilful. But if he supposed in good faith that he was cutting on his own land, and was not culpably ignorant in not ascertaining its true boundaries, he is not liable for the penalties imposed by the statute, and the plaintiff must resort to his action at common law. The refusal of the court to give the instruction may have operated to the prejudice of the plaintiff. It left the inference on the minds of the jury, which the instructions given them did not repel, that the plaintiff was not entitled to recover unless it appeared, from the evidence, that the defendant knew he was cutting the trees from the land of the plaintiff.

The judgment is reversed, and the cause remanded.

