NATHANIEL BEHYMER

v.

FRANCES ODELL.

*Real Property—Penalty for Cutting Trees on Lands of Another—Title —Possession—Practice—Evidence.*

1. In an action brought to recover the statutory penalty for cutting trees upon the land of another, the plaintiff, to recover, must show a title in fee.

2. A deed granting real property, subject to the right on the part of the grantor to cut and remove therefrom during his lifetime, timber for his own use, conveys a fee.

3. Where the statute provides for the recovery of a certain sum per tree the judgment must be for some multiple thereof.

4. This court will not go behind the record, showing a motion in arrest of judgment. upon grounds which affidavits filed tend to show were never brought to the attention of the trial court.

[Opinion filed June 15, 1889.]

APPEAL from the County Court of Wayne County; the Hon. E. C. KRAMER, Judge, presiding.

Mr. R. P. HANNA, for appellant.

Mr. J. R. CREIGHTON, for appellee.

REEVES, J.   This suit was brought by appellee to recover the statutory penalty for cutting trees upon her land.   The primary question made is, that appellee did not prove that she was the owner in fee of the land upon which the trees were cut.   The proof of title was a deed from William Shaeffer and wife to appellee, for eighty acres of land, with proper description, in which the grantors reserved "the right to take any and all timber off of said land, without charge, they may need for their own use during their lives."   This was the only proof on this point.   It is conceded in argument that the plaintiff, in this kind of proceeding, must show that he or she is the owner in fee of the land upon which the trees were cut.   This rule is clearly announced in the following cases : Jarrett v. Vaughn, 2 Gilm. 138; Wright v. Bennett, 3 Scam. 258; Whiteside v. Divers, 4 Scam. 336.

It is contended that this deed did not convey a title in fee simple.   It is well settled that when the estate is not limited to life or years, and no remainder attaches, the title passed is a fee simple.

Applying this rule to the deed under consideration, it would seem clear that it passed the fee simple title in the land.   The reservation in the deed simply excepted from the operation of the deed such of the timber growing on the land as the grantors might need for their own use during their lives.   This did not affect the title to the land, which, under the deed, vested in fee simple in Mrs. Odell.

It is further contended that, conceding that this deed conveyed the fee, still, possession under the deed is necessary to make proof of title.   It will suffice to say, in view of what

follows, that he proof on this point is not satisfactory.   There
is one error arising upon this record that will make it neces-
sary to reverse the judgment.   The amount demanded upon
the summons issued by the justice of the peace was $58.80.
The proof showed eight white oak trees cut, and the verdict
was for $64, and a judgment entered on the verdict.   A
*remittitur* was entered in this court of $7, leaving the amount
of the judgment $57.   The statute provides for a recovery
of $8 per tree.   The judgment should be for some multiple
of eight.   Fifty-seven is not a multiple of eight.   A penalty
given by the statute can not be split up.   The recovery must
be for the penalty and not for a part of it.   Edwards v. Hill,
11 Ill. 24.

It is urged that, as this error in the amount of the judg-
ment was not called specifically to the attention of the trial
court, it can not avail in this court.   The bill of exceptions
contains a motion in arrest of judgment, which assigns as one
ground of the motion that the verdict is for a larger amount
than is claimed on the back of the summons issued by the
justice of the peace.   Affidavits were filed in this court tend-
ing to show that this ground of the motion was not brought
to the attention of the court.   A trial court has full power
to protect itself, by requiring such motion to be written out
and filed, before passing upon it, and should exercise this
power.   Where this is not done we do not feel called upon
to go behind the record and inquire as to what was done.   It
would be a dangerous practice to do so.   It will be observed
that the error for which we reverse the judgment is not that
the amount of the judgment exceeds the amount claimed on
the back of summons, but that the amount of the judgment,
after the *remittitur*, is one which can not stand under the law
as to the recovery for a statutory penalty.

The judgment of the County Court is reversed and the
cause remanded.

*Reversed and remanded.*