David v. Correll.

---

## William David v. Adam Correll.

68  123
74   47

1.  CUTTING TIMBER—*Plaintiff Must Show Ownership in Fee.*—In an action of debt to recover the statutory penalty for cutting timber, under section 5, chapter 126, R. S., without proof of ownership in fee, the plaintiff can not recover.

Debt, for cutting timber.   Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding.   Heard in this court at the May term, 1896.   Reversed and remanded.   Opinion filed December 9, 1896.

POTTER & SMITH, attorneys for appellant.

H. L. RICHARDSON, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee brought an action of debt against appellant to recover the statutory penalty for cutting timber, pursuant to Sec. 5, Chap. 136, 2 Starr & Curtis' Stat., 2388.

There was a verdict and judgment below for $100 and costs.

Appellant prosecutes this appeal and insists upon a reversal, because,

1. The appellee failed to prove that he was the owner in fee of the land on which the timber was cut.

2. Because the evidence did not show that appellant cut the timber knowingly and willfully, and

3. Because it is claimed the appellant and his grantors had been in the open and adverse possession for more than twenty years prior to the cutting of the timber complained of.

We think the appellee failed to establish title in fee to the *locus in quo.* He did not attempt to show a connected chain of title from the government, but undertook to prove ownership by certain conveyances to himself and possession for a number of years; also by possession and payment of taxes for seven consecutive years under color of title. We think he failed to show possession of the strip in controversy, from which the timber was cut. On the contrary, the evidence tended strongly to show that appellant and his grantors had been in possession of said strip for more than twenty years prior to the commencement of the suit. Without proof of ownership in fee, appellee could not recover under this statute. Wright v. Bennett, 3 Scam. 258; Whiteside et ux. v. Divers, 4 Scam. 336; Behymer v. Odell, 31 Ill. App. 350.

The matter of good faith on the part of appellant in cutting the timber, and whether in doing so he acted knowingly and willfully, were questions for the jury. But for the failure to prove ownership in fee by appellee, the judgment must be reversed and the cause remanded.