## Nathan Beyhmer v. Frances Odel.

1. TIMBER—*Wrongful Cutting of.*—The court reviews the evidence and holds that it makes out a case under the statute prohibiting the cutting of timber without the permission of the owner of the land on which it is situated.

**Transcript**, from a justice of the peace. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed June 10, 1897.

R. W. S. WHEATLEY, BENJAMIN W. POPE and A. M. ELLIOTT, attorneys for appellant.

CREIGHTON, KRAMER & KRAMER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover from appellant the statutory penalty of $8 per tree for cutting trees on her land against her consent. The verdict was for plaintiff, and $40 was the amount assessed. Defendant's motion for a new trial was overruled and judgment was entered for plaintiff for $40 and costs of suit. To reverse the judgment defendant took this appeal.

The case was twice before this court and it was held that the evidence did not show the plaintiff was owner in fee of the land on which the trees were cut, and the amount recovered was not a multiple of the sum of $8 per tree, which was the only sum that was fixed by the statute as the measure of recovery for each tree so unlawfully cut. Behymer v. Odel, 31 Ill. App. 350.

In this record the evidence shows that appellee was the owner in fee of the land, when the trees were cut thereon by appellant; that at least five trees were so cut without permission of such owner, and the amount recovered was $8 per tree. Secs. 1 and 2, Chap. 136, pages 3900, 3901

Starr & Curtis. This proof was sufficient to justify the recovery; but appellant insists that he was authorized to cut said trees by a contract between appellee and the firm of Beyhmer & Son, made on October 21, 1886, for the purchase of the whole oak timber on said land, by the terms whereof he was given eighteen months to remove said trees. The evidence, however, shows this contract was rescinded by mutual agreement, and afterward, about April 7, 1887, notice in writing to Behymer & Son was served, not to cut away any of the timber on said land. On April 9, 1887, appellant himself sent hands to cut the timber thereon, and they, by his order, cut the trees for which the recovery was had.

We find no reversible error in the rulings of the court as to instructions given and refused, and think the verdict and judgment is right. Judgment is affirmed.