## William David v. Adam Correll.

1. CUTTING TIMBER—*Requisites of the Proof.*—To subject a party to a penalty for cutting timber under the statute (3 S. & C., Par. 5, Ch. 136), it must appear that he committed the wrong knowingly and willfully, under such circumstances as show him guilty of criminal negligence; the statute does not apply to a person who cuts the timber under the mistaken belief that he is the owner.

**Debt for a Penalty.**—Appeal from the Circuit Court of Kankakee County: the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1897. Reversed. Opinion filed December 17, 1897.

POTTER & SMITH, attorneys for appellant.

H. L. RICHARDSON, attorney for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

This was an action to recover the penalty for cutting timber which is prescribed by section 1 of the act of September 10, 1845, now forming part of Chap. 136 of the Revised Statutes of 1874. A former judgment was reversed by this court in 68 Ill. App. 123, and the cause was remanded. Upon a second trial plaintiff had verdict and judgment for $120, from which defendant prosecutes this appeal.

The charge is for cutting timber upon lot 13 of Assessor's Subdivision of certain lands in Kankakee county. The proof shows that near the line between said lot 13 and the lands west of it a fence was erected in 1871 or 1872 by the parties owning said land west, predecessors in title to appellant's wife. The clear preponderance of the evidence is that the fence which stood there when appellant cut the timber in question, is the same fence his wife's grantors so erected in 1871 or 1872, and that it has never since been moved or changed; but even according to appellee's witnesses the fence, which was standing when appellant cut

this timber, has been in the same place eighteen or nineteen years. Appellee recognized this fence as his west line fence to the extent of helping to keep it in repair, and dividing it for the purpose of repair with the grantors of appellant's wife. In the spring of 1895 appellant bought the land west of said lot 13, taking deed therefor to his wife, and they went into possession. It is clear from the evidence that her grantors for many years and probably ever since 1871 or 1872 claimed the land they owned extended east to said fence, and claimed said fence as the boundary line between them and appellee, and occupied all the land west of the fence adversely and exclusively, except that they gave appellee permission to cut timber on their side to repair his part of the fence, of which permission it would seem he sometimes availed himself. It is equally clear from the evidence that appellant and his wife took possession of the same tract her grantors had so long occupied, claiming all of the land west of the fence, and in good faith supposing that she owned to the fence. In the fall of 1895 he cut the trees for which this suit was brought, and cut them west of the fence and within her inclosure and upon the land which they then claimed and still claim she owns, and upon the land her grantors had so claimed and occupied for many years. The only facts from which any imputation upon his good faith can be drawn are that before he finished cutting the trees, neighbors not interested in the matter told him the fence was not on the line, but that the line was west of the fence, and he told them he had bought with the understanding it was on the line, and believed it was on the line, and should retain possession to the fence till some surveyor had established a different line; and that appellee's son also told appellant he was cutting too far, and he replied that if the county surveyor decided the fence was not on the line he would move it, but he did not stop cutting. Appellant states without contradiction that at the last named interview he went with appellee's son to look for surveyor's marks, but they could find none except such as were in line with the fence. Appellant cut these trees for the purpose

of clearing the land and fitting it to sow wheat upon that fall. The land was of no use without the trees and brush being cut off. Since appellant cut the timber in question two surveyors have separately surveyed the premises, and they do not agree on the true line, though each places it west of the fence.

The judgment can not be sustained. Appellee averred his ownership of lot 13. We reversed the former judgment for failure to prove this allegation. At the last trial appellee introduced evidence tending to show title in himself as to the south half of said lot, but he has shown no title to the north half. It was conveyed to him by H. Tupper, the source of whose title is not shown, except by oral testimony that he bid it off at a tax sale. Appellee had no possessory title of the part of lot 13 west of the fence. Under the proof appellant certainly can not be convicted of cutting timber on the north half, because appellee has not shown title thereto. The proof shows appellant cut timber upon that part of lot 13 west of the fence, but whether upon the north half or south half is not shown, nor how much upon the one and how much upon the other, and therefore there is no basis in the evidence upon which the jury could award $120 as the statutory penalty for trees cut on said south half.

We are also of opinion plaintiff can not recover in this action. To subject a party to a penalty for cutting timber under this statute it must appear that he committed the wrong knowingly and willfully under such circumstances as show him guilty of criminal negligence. The statute does not extend to a person who fells trees under the mistaken belief that his boundaries include the trees. When the defendant supposes in good faith he is cutting on his own land, and is not culpably negligent in not ascertaining its true boundaries, he is not liable under this statute. If under such circumstances he has in fact cut trees of another, redress must be sought in an appropriate action at common law, and not by suing for a penalty. Whitecraft v. Vanderver, 12 Ill. 235; Watkins v. Gale, 13 Ill. 152. Still more

should this rule apply where, as here, the alleged wrong-doer is in actual possession with a fence, claiming title, and where there is great doubt whether he and his predecessors in possession have not occupied the land so long as to bar any action for possession. This is not a proper form of action in which to settle disputed boundaries. For these reasons the judgment of the court below will be reversed.

### FINDING OF FACTS TO BE INCORPORATED IN THE JUDGMENT.

We find from the evidence that the cutting of the timber complained of in this cause was done by defendant (appellant here) upon the land within his wife's inclosure, and which she claimed to own, and which defendant in good faith believed to be her land; that his wife and her predecessors in title had been in possession of said land within said inclosure where said trees were cut for many years prior to and up to the time of said cutting; that defendant did not willfully and knowingly commit a wrong upon plaintiff in cutting said timber, and that the circumstances do not show him guilty of criminal negligence in cutting said timber.