## James H. Belt v. Thomas R. Reid and John H. Brosi, Partners under the Name of The Reid Tie Co.

1. TRESPASS—*Cutting Timber—Construction of the Statute.*—It was not the intention of the legislature to impose a penalty upon a person who, supposing in good faith that he was cutting timber upon his own land, or upon that of another by his permission, after having taken reasonable pains to ascertain its boundaries, inadvertently, and by mistake, cuts trees upon the land of another.  For an injury under such circumstances, the party is left to his common law remedy by an action of trespass.

Debt, for statutory penalty.  Trial in the Circuit Court of Jersey County; the Hon. ROBERT B. SHIRLEY, Judge, presiding.  Finding and judgment for defendant in bar and for costs; appeal by plaintiff. Heard in this court at the May term, 1899.  Opinion filed September 20, 1899.

GEO. W. HERDMAN and HAMILTON & HAMILTON, attorneys for appellant.

THOS. F. FERNS and A. M. SLATEN, attorneys for appellees.

The general rule is that a penal statute will be strictly construed and never enlarged or extended by construction or implication, to either persons or things not expressly brought within its terms.  Raplee v. Morgan, 3 Ill. 561; Chicago v. Rumpf, 45 Ill. 90; Bullock v. Goemble, 45 Ill. 218; People v. Peacock, 98 Ill. 172; Waddle v. Duncan, 63 Ill. 223; Edwards v. Hill, 11 Ill. 22; Reinecke v. People, 15 Ill. App. 241; L. E. & W. R. R. Co. v. People, 42 Ill. App. 387.

In order to recover the statutory penalty sued for, it was incumbent upon appellant to prove that appellees did willfully and knowingly cut the trees mentioned in the declaration upon the land of appellant without his permission. Cushing v. Dill, 3 Ill. 460; Whitecraft v. Vanderver, 12 Ill. 235; Watkins v. Gale, 13 Ill. 152; Gebhart v. Adams, 23 Ill. 400; Cushman v. Oliver, 81 Ill. 444.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant brought this action of debt against appellees

to recover the penalties provided by statute against trespass in cutting timber.  A jury was waived in the trial court, and upon the trial the court found the issues for the appellees and gave judgment against appellant in bar of the action and for costs, to reverse which this appeal is prosecuted, it being insisted that the verdict is against the law and the evidence, and the court erred in its holdings upon the law in the decision of the case.

Appellees were engaged in making railroad ties and for such purpose purchased timber in the woods of the McDaniels, whose land adjoined that of appellant.  Ward, as agent for the McDaniels, showed the foreman of appellees, before the cutting began, the line as he then believed it to exist, between the McDaniels and Belt lands, and the line then exhibited was what is known in the evidence as the Foster line.  Newton, the county surveyor, established another line further east, upon the McDaniel land, but the evidence fails to show whether the owners of the McDaniel land participated in or had notice of the Newton survey at the time it was made.

The timber alleged to have been unlawfully cut was between the Newton and Foster lines, and it is apparent from the evidence, as we think, that it was in consequence of the uncertainty of the location of the true line between these lands that the controversy has arisen, and it appeared at the trial there was dispute between the respective owners of the lands as to the location of the boundary line, McDaniels contending for the Foster line and Belt for the Newton line.

This being the situation between the owners of the respective lands, and the appellees having been shown the Foster line, and then having instructed their employes, as they did, to be careful and not trespass over the line in cutting timber, and otherwise exhibited good faith, by showing a willingness to pay for trees, if any had been taken from appellant, and were dissuaded only by the McDaniels claiming that the trees in controversy belonged to them and not to appellant, impels us to the conclusion that if the trees felled and taken

away by appellees were in fact the property of appellant, they were taken by appellees under the mistaken belief reasonably induced, and by evidence sufficient to induce such belief in the mind of an ordinary person acting as such, that the trees so cut and carried away were the property of the McDaniels. If we are justified in this conclusion from the evidence in the case, and after examining it we feel well advised concerning the same, there can be no recovery for the penalties provided by the statute, for it has been repeatedly held that to subject any one to the penalty of the act, it must be shown to have been knowingly and willfully violated. Cushing v. Dill, 2 Scam. 461; Whitecraft v. Vanderver, 12 Ill. 235; Watkins v. Gale, 13 Ill. 152. It was said in Whitecraft v. Vanderver, *supra:* "It could never have been the intention of the legislature to impose a penalty upon a person who, supposing in good faith that he was cutting upon his own land (or of another from whom he had permission), after having taken reasonable pains to ascertain its boundaries, should, inadvertently by mistake, cut trees upon the land of another. For an injury under such circumstances the party is left to his common law remedy by action of trespass."

In this case it is insisted however, that after the timber was cut and made into ties, the appellees were informed by appellant the trees were upon his land, and after such information appellees persisted in carrying away the ties, and thereby ratified the act of cutting, rendering the same unlawful *ab inito.*

The answer to this, however, is that after this information the McDaniels contended, and so continued to claim at the trial, that the Foster line was the boundary, and that no trees had been cut beyond it. The information of the claim of appellant in this respect could not be reasonably expected to have a greater influence upon appellees, under the circumstances, than that received from the McDaniels, and so far as can be ascertained from this record, the controversy is still an open one among them.

We are therefore of the opinion that if the trees were in

fact the property of appellant, there is not sufficient evidence that appellees knowingly and willfully cut or carried them away to justify the penalties provided by the statute to be imposed against them.

The propositions of law held and refused by the court, so far as applicable to the issues then being tried, are in harmony with our views respecting the same questions, and finding no error the judgment of the Circuit Court will be affirmed.