[No. 4155. Decided February 3, 1902.]

CHARLES GARDNER, *Respondent;* v. AUGUST LOVEGREN *et al., Appellants.*

TRESPASS — RIGHT TO TREBLE DAMAGES — INSTRUCTIONS — HARM-. LESS ERROR.

In an action to recover treble damages for the wilful and unlawful cutting of plaintiff's timber, under Bal. Code, § 5656,

defendants set up the defense that they were the owners of adjoining land and had done the act by inadvertence, through a mistake as to the boundary. An instruction charged the jury that if they found defendants went upon the plaintiff's land in good faith in the belief that it was their own, or that their going was not marked by any spirit of wantonness, wilfulness or evil design, then they must find defendants' action was not wilful; that, before they could determine defendants' wilfulness, they must be satisfied the trespass was attended by circumstances of bad faith and intentional wrong; that if defend- ants committed the trespass knowingly, or by the exercise of ordinary care could have ascertained they were trespassing, then they should find the action was wilful.

*Held,* that, if the last part of the instruction was inconsistent with the preceding portions, plaintiff could not complain, because it was in his favor.

*Held,* also, that, even if the instruction were erroneous, it was without prejudice, as the jury found specially that there was no wilful trespass.

SAME — QUESTION OF INTENT.

The statute authorizing treble damages for the wilful cutting of another's timber being of a penal nature, intent to commit the trespass is a necessary element in order to justify the imposition of treble damages.

SAME — ARGUMENT OF COUNSEL.

In an action to recover treble damages for trespass, it was not error for defendant's counsel, in his argument before the jury, to state that "the court will treble whatever actual damage you may find to have been suffered by the plaintiff."

SAME — SPECIAL INTERROGATORIES — FORM OF.

In such a case it was not error for the court to submit as a whole to the jury, instead of dividing into two questions, the following: "Was the trespass casual or involuntary, or did the defendants have probable cause to believe that the land on which the trespass was committed was their own?" since an affirmative answer to either portion of the question would have established a defense to the claim for treble damages.

NEW TRIAL — REVIEW ON APPEAL.

On an appeal from an order granting a new trial, where the question presented is one of law instead of one of fact, the supreme court will not be controlled by the judgment of the trial court in passing thereon.

Appeal from Superior Court, King County.—Hon. William R. Bell, Judge. Reversed.

*Shank & Smith,* for appellants.

*James McNeny,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—This appeal is from an order granting respondent's motion for a new trial. The action was brought to recover treble damages for trespass, under §§ 5656 and 5657, Bal. Code. The complaint alleged the ownership of certain land in respondent; that the appellants knowingly and wilfully entered upon the land and knowingly, wrongfully, and wilfully cut down and converted into shingle bolts and removed therefrom certain cedar trees, the total value of which was $700; that, by reason of such wilful and unlawful entry, respondent was damaged in the sum of $700, and was entitled to recover treble the amount of damages; and judgment was demanded accordingly. In their answer the appellants admitted the ownership of the land described by the respondent in his complaint, and admitted that they had entered thereon and cut into shingle bolts the trees mentioned, but denied that they knowingly and wilfully entered upon said land and that the trees so cut and removed were of a greater value than $150, and tendered into court this sum, plus $15, to cover the costs which had accrued up to the time of making answer. The appellants alleged that they were the owners of adjoining land, and that they were misinformed and mistaken as to the boundary of respondent's land; that, at all times when they were cutting said trees they believed they were upon their own land; and that, as soon as they had any intimation that they were probably upon respondent's land, they caused a survey to be made, which disclosed the fact that

they were cutting over the line, whereupon they ceased work at once, and left the bolts which they had cut upon the respondent's land, where the said bolts still remain. At the close of the case the jury returned a verdict in favor of respondent for $216, and found the trespass unintentional, and that the appellants had probable cause to believe that the land was their own. The respondent moved for a new trial, assigning several grounds, but three of which it is stipulated are for consideration on this appeal. The grounds upon which the respondent relies are: (1) Error of the court in giving instruction No. 5, which instruction reads as follows:

"The court further instructs you that you will be required in addition to finding the amount of plaintiff's damages to determine whether the defendants' trespass was casual or involuntary, or whether the defendants had probable cause to believe that the land upon which the trees stood was their own. You are instructed that if you find that the defendants went upon the plaintiff's land in good faith in the honest and sincere belief that the land was their own, or that their going upon the plaintiff's land was not marked by any spirit of wantonness, wilfulness or evil design, then you must find that the defendants' action was not wilful. In other words, before you can determine that the defendants' action was wilful, the preponderance of the testimony must satisfy you that the trespass was not only against the consent of the plaintiff, but that it was attended by circumstances of bad faith and intentional wrong on the part of the said defendants. If, however, you find that the trespass was knowingly and intentionally committed by the said defendants D. J. Strait & Co., or if you find that the defendants by the exercise of ordinary care and prudence could have ascertained that they were trespassing upon the land of the plaintiff, then you will find that their action was wilful."

(2) Error of the court in permitting appellant's counsel, over the objection and exception of the respondent, to argue as follows:

"The laws of the state are such that if you find that the trespass of D. J. Strait & Co. upon the lands of the plaintiff herein was not casual or involuntary or that they did not have probable cause to believe that the land on which they cut this timber was their own, then the court will treble whatever actual damage you may find to have been suffered by the plaintiff. From the facts as disclosed I cannot see how it is possible for any one to say other than Strait & Co. supposed all the time that they were upon their own land."

(3) Error of the court in submitting to the jury the form of verdict containing the following question as a whole, instead of submitting the same in two questions, and so numbering them: "Was the trespass casual or involuntary, or did the defendants have probable cause to believe that the land on which the trespass was committed was their own?"

We think that the instruction complained of by the respondent was properly given, and that, therefore, the court erred in granting a new trial on the theory that the instruction was wrong. Section 5656, *supra,* provides that whenever any person shall cut down, girdle, or otherwise injure or carry off any tree, timber, or shrub on the land of another person, or on the street or highway in front of any person's house, etc., without lawful authority, in an action by such person, etc., against the person doing such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be. Section 5657 provides that "if, upon trial of such action, it shall appear that the trespass was casual or involuntary, or that

the defendant had probable cause to believe that the land
on which such trespass was committed was his own, or
that of the person in whose service or by whose direction
the act was done, or that such tree or timber was taken
from uninclosed woodlands, for the purpose of repairing
any public highway or bridge upon the land, or adjoining
it, judgment shall only be given for single damages." It
seems to us that the instruction was in accordance with the
spirit of the statute, and that if the instructions were incon-
sistent with themselves, as contended for by respondent,
they could in no way work harm to the respondent's cause;
for, while the court instructed the jury in the latter part
of instruction No. 5 that if they found that the defendants,
by the exercise of ordinary care and prudence, could have
ascertained that they were trespassing upon the land of the
respondent, they would find that the action of the appel-
lants was wilful, that instruction was in respondent's
favor; and, even if it were error, it was error without prej-
udice, for the jury found that there was no wilful tres-
pass, and that the appellants had probable cause to believe
that the land upon which the trespass was committed was
their own. This was in answer to a special interrogatory,
and the answer of the jury to this question could not possi-
bly have been affected by any other part of the instruction
given. The respondent relies upon the case of *Loewen-
burg v. Rosenthal,* 18 Ore. 178 (22 Pac. 601); but, while
the language of the court in its construction of the statute
might aid the contention of the respondent, the actual de-
cision is not in point. The Oregon statute is similar to
ours, and the court held there that the belief of the defend-
ants that the plaintiffs had authorized the doing was imma-
terial and irrelevant, and that there was nothing in the
statute to relieve the defendants from the duty to ascertain

whether the owners—the plaintiffs—had authorized the taking. But here the finding of the jury brings the appellants within the plain provision of the excusatory part of the statute, viz., that, if the defendant has probable cause to believe that the land on which such trespass was committed was his own, the treble damages will not be enforced. This statute will not be construed as an ordinary civil statute, for, to begin with, the awarding of treble damages to the owner does not appeal to our sense of justice. He has no real right to it, for, when he receives the actual damages which he has sustained, his compensation is complete, and the exaction of anything more than this must be in the nature of a fine, which would ordinarily be appropriated by the government. Being, then, of a penal nature, it must be construed as other penal statutes are construed, viz., the intent to commit the trespass must appear. At least, the statute will not be construed to have gone so far as to prescribe that the lack of intent cannot be shown, to relieve the defendant from the imposition of treble damages; and such has been the construction placed upon this statute by courts generally. In *Wallace v. Finch,* 24 Mich. 255, under a statute identical with ours, where a mistake was made by Wallace, who thought he had received title to the land, when he had not, and had entered upon the same and committed the trespass complained of, the court said:

"The question of treble damages, however, stands on a different principle altogether. When this law gives single damages it has a single object, and that is to redress the injured party. But when the damages are to be trebled, the object is two-fold, namely: to redress the injury done, and also to punish the wrong-doer. No other explanation of these provisions is possible, and according to well settled rules, when a law is susceptible of penal applications

in special cases, such applications of it ought to be closely confined to cases within its principle.    Now, when we come to interpret this statute, we must either hold that the legislature meant that any person however blameless in a moral point of view, who should be within the inculpatory words of the first section and not within the exact words of the saving provisions of the second section, should be punished; or on the contrary, that the legislature meant that the penal application should be made only in cases marked by wantonness, wilfulness, or evil design.    And it is hardly admissible to impute the former purpose to the legislature. ,  Indeed, the nature of the limitations contained in the second section indicates very clearly that no such purpose was contemplated.    Those limitations all point to the exclusion of the penal application where the trespass is not aggravated by bad faith or other positive blame, and they amount to a legislative intimation that the penal provisions were not intended to apply where punishment beyond redress for injury would be inapt, impolitic and unjust."

To the same effect are *Barnes v. Jones,* 51 Cal. 303; *McDonald v. Montana Wood Co.,* 14 Mont. 88 (35 Pac. 668, 43 Am. St. Rep. 616); *Cohn v. Neeves,* 40 Wis. 393; *Belt v. Reid,* 84 Ill. App. 501; *Glenn v. Adams,* 129 Ala. 189 (29 South. 836); *Kramer v. Goodlander,* 98 Pa. St. 353; *Whitecraft v. Vanderver,* 12 Ill. 235.

We are unable to see that the statement made by the attorney for the defense which is complained of went beyond the rules of propriety in the discussion of the cause to the jury.    And the third error complained of is without merit, for, if the jury had answered "Yes" to either question, it would have worked a defense to the claim for treble damages, because, if it had found that the trespass was casual or involuntary, the appellants could not have been assessed with treble damages; or, if, not finding upon that question at all, it had found that the appellants had prob-

able cause to believe that the land on which the trespass was committed·was their own, they would have been equally relieved of the claim for treble damages; so that no wrong was committed upon the respondent by the manner in which the questions were presented.

It is true that the granting of a motion for a new trial is, in a certain sense, discretionary with the trial court; and, if it were upon matters of fact, the appellate court would hesitate to set aside an order made by the trial court, unless it plainly appeared that the discretion was abused. But in the case at bar it is a pure question of law, and this court will act upon it independently and uncontrolled by the judgment of the lower court, as it would upon any other question of law which was brought to it upon appeal.

The judgment is reversed, with instructions to deny the motion for a new trial.

REAVIS, C. J., and ANDERS, MOUNT, WHITE, FULLERTON and HADLEY, JJ., concur.