**UNITED STATES et al. v. EAGLE STAR INS. CO., Limited, et al.**

**No. 13122.**

United States Court of Appeals
Ninth Circuit.

Jan. 30, 1953.

---

J. Charles Dennis, U. S. Atty., Seattle, Wash., Houghton, Cluck, Coughlin & Henry, Seattle, Wash., for appellants.

MacBride, Matthews & Hanify, Seattle, Wash., for appellees.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

On the original consideration of this case, 196 F.2d 317, attempting to apply the local (Washington) law, we held, in effect, that a certain provision of the insurance policy involved was unambiguous. So holding we approved denial of recovery from the insurer of damages growing out of the loss of an aeroplane belonging to the assured, appellant's intestate, on the ground of the latter's negligence in the operation of the plane. Feeling that we had perhaps gone beyond the Washington holdings in our appraisal of the provision in question as well as in other respects, we granted a rehearing.

The facts of the case are fully set out in the original opinion. There we reviewed and relied on two Washington decisions, Isaacson Iron Works v. Ocean Acc. Corp., 191 Wash. 221, 70 P.2d 1026, and Hamilton Trucking Service v. Automobile Ins. Co., 39 Wash.2d 688, 237 P.2d 781, which we thought established for Washington a "literal" rule of construction of insurance policies.

In the Isaacson case [191 Wash. 221, 70 P.2d 1028] the insurer was sued upon its public liability policy containing coverage against liability for accidental property

damage to third persons. Property of a third person was damaged in consequence of the negligence of the insured's employees. The policy contained the following provision: "The Assured agrees to use due diligence and exercise reasonable care to avoid doing damage to property of others." The court held that the words employed in the clause "are plain and scarcely susceptible of construction", and that they excluded coverage for property damage caused by negligence attributable to the insured. It said that the provision "must either be given effect according to its plain language, or by judicial interpretation written out entirely." It said: "This court has laid down the rule that, in construing policies of insurance, the general rules for construction of contracts apply."[1] It added that "if the policy be ambiguous, such ambiguity should be construed in favor of the insured."

In the Hamilton Trucking Service case [39 Wash.2d 688, 237 P.2d 782], supra, a policy issued to the owner of a truck listed among the perils insured against: " 'Accidental collision of the motor truck or trailer with any other automobile, vehicle or object; * * *.' " The insured was transporting a gang saw which had been loaded on the flat bed of the truck. The driver attempted to go through an underpass where the clearance was less than the height of the load, with the result that the saw was damaged by coming in contact with the framework of the underpass. The court said that the language of the quoted provision is "plain and unambiguous", hence the damage to the load not having been caused by the truck colliding with any other object, the loss was not covered. It observed, in general, that it had "resorted to familiar rules of interpretation of words and construction of language used in such contracts in order to ascertain the intent of the parties, or what they contemplated, when it appeared that certain

words were used in a special or restricted sense, were susceptible of different meanings according to the way in which they were used, or when the language used was of doubtful import or ambiguous." It added: "We have taken the position in such matters that a rule of construction should not be permitted to have the effect to make a plain agreement ambiguous and then construe it in favor of the insured."

■ There is nothing in either of these holdings, or in any other Washington decision to which attention has been directed, suggesting that clarity of thought is not requisite in insurance policies. Nor does it appear that a "literal" rule of construction of policies obtains in that state. The Washington court adheres to the general rule that policies of insurance are construed in favor of the insured and most strongly against the insurance companies. Starr v. Aetna Life Ins. Co., 41 Wash. 199, 83 P. 113, 4 L.R.A.,N.S., 636; Green v. National Casualty Co., supra, note 1. What it frowns upon is a tendency it claims to have observed in some courts of creating ambiguities where none exist and then using rules of construction to enlarge the policy coverage.

The insuring clause of the policy here, standing alone, concededly would afford protection for loss of the plane due to negligent operation thereof by the insured. Nor does any clause under the head "General Exclusions" take away this protection. What is relied on to negative such coverage is Condition 3, found under the head "General Conditions" at the end of the policy. This reads as follows:

"3. The assured shall use due diligence and do and concur in doing all things reasonably practicable to avoid or diminish any loss of or damage to the property hereby insured and in the event of the Aircraft sustaining damage covered by this Certificate and/or Policy, the Assured or his/their ac-

[1]. In support of this statement the court quoted language from Green v. National Casualty Co., 87 Wash. 237, 151 P. 509, 511, to the following effect: "Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous, their terms are to be taken and understood in their plain and ordinary meaning."

766

credited agents shall forthwith take such steps as may be necessary to ensure the safety of the damaged Aircraft and its equipment and accessories."

Even after repeated readings it remains unclear whether this condition was intended to exclude coverage due to negligence in operation of the plane, or whether it was designed only to prescribe the duties of the assured with regard to mitigating loss or damage and securing the safety of the craft in event of accident. The phrase "due diligence" is used, but it is related to the performance of affirmative acts by the assured similar to those commonly required in policy clauses relating to mitigation of damages. The latter portion of the clause, not separated from what precedes it by so much as a comma, would appear intended merely to emphasize or to prescribe with greater particularity the steps the assured is obliged to take to avoid or diminish loss or damage to the craft, its equipment and accessories, if an accident occurs. The annual premium paid by the assured for accidental loss or damage to the aircraft was in excess of $1700 on a valuation of $25,000, and it would thus seem that he contemplated a broad measure of protection. If, as is claimed by the insurer, two quite distinct ideas were intended to be given expression it would have been a simple matter to state them separately, thus rendering the thought unmistakable and avoiding misconception in the mind of the purchaser.

Had the insurance company deliberately set out to achieve obfuscation it could hardly have done a better job than was accomplished here. In contrast, the provisions confronting the court in the Isaacson Iron Works and Hamilton Trucking cases dealt clearly with a single idea and were short and to the point.

■ In line with the principle, adhered to in Washington as elsewhere, of construing insurance contracts in favor of the assured and most strongly against the insurer, we confine the clause before us to the one meaning it plainly expresses, namely the obligation of the assured to use reasonable care to avoid or diminish loss or damage to the property in event of accident.

The judgment is accordingly reversed in its entirety.

POPE, Circuit Judge (dissenting).

I thought it proper to grant a rehearing in this case because at the time that order was made I had some doubt as to whether our former opinion disclosed a correct apprehension of the Washington law. Now that the rehearing has been held I am satisfied that, as we previously indicated, what the Supreme Court of Washington said in Hamilton Trucking Service v. Automobile Ins. Co., 39 Wash.2d 688, 237 P.2d 781, represents the settled rule of that State with respect to the construction of insurance contracts. As quoted in our former opinion, the key language of that case was as follows at page 783 of 237 P.2d: "We have not adopted the lines of reasoning found in the cases cited by respondent in order to determine the intent of the parties, or what they may or must have contemplated when making an insurance contract with reference to the extent of the risk coverage when it was clear that the words were used in their ordinary sense or meaning, nor when the language used was plain and unambiguous. * * * We have taken the position in such matters that a rule of construction should not be permitted to have the effect to make a plain agreement ambiguous and then construe it in favor of the insured. * * * We cannot avoid feeling as we read the cases cited by respondent that those courts have created ambiguities where none existed and have then used rules of construction to determine the intent of the parties and what they must have contemplated, thus enlarging the risk coverage of the insurance policies under consideration."

My difference with my brethren is that while the majority opinion recognizes this to be a correct statement of the rule which the Washington courts follow, yet I think they have found an ambiguity where none exists. The sentence—Condition 3—quoted in the opinion is an ordinary compound sentence with two parts which are connected

by the conjunction "and". Plainly the second portion of this sentence sets up a duty to care for the damaged aircraft and minimize loss and damage "in the event of the Aircraft sustaining damage". The opinion proceeds to read an ambiguity into the sentence by saying that the first part of it which precedes the conjunction "and" does no more in substance than state the same thing as in the last part. I think this violates the rules of construction for there is no fair reason why the sentence should state the same thing twice.

It seems to me that the portion of the sentence which precedes the word "and" says in substance the same thing as was expressed in the language construed in Isaacson Iron Works v. Ocean Acc., etc. Corp., 191 Wash. 221, 70 P.2d 1026. The construction my brethren have put upon this portion of the sentence completely ignores the use of the word "avoid".

The majority opinion finds fault with the sentence because it is not broken into two sentences, it being suggested that two quite distinct ideas cannot be set up in a single sentence. I think that this manifestly is a misapprehension for there is nothing more common in the proper use of English than to state two distinct ideas in a compound sentence connected by the word "and". Thus in the 23d Psalm, taken from that version which is generally accepted as a model of the King's English, appears the compound sentence: "Surely goodness and mercy shall follow me all the days of my life: and I will dwell in the house of the Lord for ever." There the first half of the sentence refers to the psalmist's present life and the second half refers to the hereafter. Surely no ambiguity exists here despite the incorporation of two different ideas in the same sentence. The majority opinion places emphasis upon the lack of punctuation. Obviously in the biblical quotation just given the meaning would be no different if the colon had been omitted.

The rule with respect to the presence or absence of punctuation is as follows: "The words, not the punctuation, are the controlling guide in construing a contract. If the meaning of the words is clear the court will interpret a contract according to their meaning and without regard to the punctuation marks or the want of them. While punctuation may be resorted to in order to solve an ambiguity which it has not created, punctuation or the absence of punctuation will not of itself create ambiguity." Anderson & K. Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 803, 127 A.L.R. 1217, and cases cited. This is the rule in Washington. Skamania Boom Co. v. Youmans, 64 Wash. 94, 116 P. 645.

The reference in the opinion to the premium paid, with the conclusion that the insured thus "contemplated a broad measure of protection", proceeds in a manner precisely contrary to the rule stated in the Hamilton Trucking case, supra, where the court expressly declined to construe a contract by inferring what the parties "may or must have contemplated".

Since I think the language here used is not ambiguous the judgment should be as stated in our former opinion.