[No. 4197. Decided August 28, 1902.]

CITY OF SEATTLE, *Respondent,* v. LESTER TURNER *et al.,*
*Respondents,* MRS. G. E. HALL, *Appellant.*

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—DUTY TO PROVIDE
FUND FOR PROTECTION OF LABORERS—RIGHT OF LIEN.

Where the improvement of a street was done under the direc-
tion and control of the board of public works of the city, pur-
suant to a charter provision requiring thirty per cent. of the
amount due the contractor on estimates should be retained to
secure laborers for work thereon, and under an ordinance
authorizing the improvement to be made by a private individual
at his own expense, but that it be awarded the lowest bidder
in conformity with plans approved by the city, the bids to be
opened in behalf of said individual and of the city, the mere
fact that the abutting owner was to pay the cost thereof, with
the exception of one block owned by the city, for which it was
to pay a proportionate share, would not excuse the city from
providing such 30 per cent. fund for the benefit of laborers;
and one who performed labor thereon and filed a claim of lien
against the city for an unpaid balance due would have a lien
upon the amount due from the city for its proportionate part
of the cost, when the city had not provided a 30 per cent.
fund for the purpose of meeting such obligations.

ACTION TO SETTLE CONFLICTING CLAIMS—JUDGMENT DETERMINING
RIGHTS OF PARTIES.

Although Bal. Code, §§4843-4845, which provide for the set-
tlement of conflicting claims to property, make no provision
for any judgment or any right, beyond asserting a claim to or
lien upon property, money, or funds, yet such sections are but
supplemental to the laws relative to procedure in courts of
record, and the court may in such proceeding award judgment
in favor of one defendant against any or all of the others, under
Bal. Code, § 4840, which authorizes the court to determine any
controversy between parties before it, when it can be done with-
out prejudice to the rights of others.

EVIDENCE—JUDICIAL NOTICE.

In an action to determine conflicting claims to a city war-
rant due for the improvement of a street, to which one of the

parties sets up a claim of lien by virtue of the charter and ordinances of the city, the court will take judicial notice of the provisions of the charter in determining the admissibility of offered evidence.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*William Martin,* for appellant.

*Roberts & Leehey,* for respondents.

The opinion of the court was delivered by

WHITE, J.—The city charter of the city of Seattle relative to the improvement of streets provides:

"Sec. 14. All public improvements to be made by contract shall be let to the lowest bidder therefor. Before awarding any such contract the board of public works shall cause to be published in the official newspaper of the city a notice, for at least ten days before the letting of such contract inviting sealed proposals for such work, the plans and specifications whereof must, at the time of the publication of such notice, be on file in the office of the secretary of the board, subject to public inspection. Such notice shall state generally the work to be done, and shall call for proposals for doing the same, sealed and filed with the secretary on or before the day and hour named therein. All bids shall be accompanied by a certified check payable to the order of the city comptroller for a sum not less than five per cent. of the amount of the bid, and no bid shall be considered unless accompanied by such check.

"Sec. 15. At the time and place named, such bids shall be publicly opened and read; no bid shall be rejected for informality; but shall be received if it can be understood what is meant thereby. The board shall proceed to determine the lowest bidder and may let such contract to such bidder, or if in their opinion all bids are too high, they may reject all of them, and readvertise, and in such case all checks shall be returned to the bidders, but if such contract be let, then and in such case all checks shall be returned to

the bidders except that of the successful bidder, which shall be retained until a contract be entered into for making such improvement between the bidder and the city in accordance with such bid. If the said bidder fails to enter into such contract in accordance with his bid within ten days from the date at which he is notified that he is the successful bidder, the said check and the amount thereof shall be forfeited to the city, and the secretary shall deliver said check to the city comptroller, who shall draw said amount and pay the same into the city treasury, to the credit of the "local improvement fund," and the board shall readvertise for proposals for such work. Neither the board nor the city council shall have power to remit such forfeiture.

"Sec. 16. In letting all contracts for public improvements the board shall provide therein that at least thirty per cent. of the amount due the contractor on estimates shall be retained to secure the payment of laborers who have performed work thereon, and material men who have furnished materials therefor, and such laborers and material men shall for thirty days after the work has been completed have a lien on such thirty per cent. so reserved for labor done and materials furnished, which lien shall be senior to all other liens, whether by judgment, attachment or contract, and no improvement shall be deemed completed until the board shall have filed with the city clerk a statement signed by a majority of them declaring the same to have been completed. The city council shall by ordinance prescribe suitable means and remedies for the preservation and enforcement of the liens provided for in this section." §§ 14, 15, 16, art. 8, Seattle Charter.

The city council of Seattle on November 13, 1899, passed an ordinance granting to Lester Turner authority and permission to improve a portion of a certain street. Sections 1 and 2 of this ordinance were as follows:

"Section 1. That there is hereby granted to Lester Turner the right, privilege and authority, at his own proper cost and expense, and not otherwise, to improve, by grad-

ing and sidewalking, Eleventh avenue throughout the Lincoln Pontius' Addition to the city of Seattle.

"Sec. 2. That the city of Seattle shall not be responsible for, nor pay any part of the cost or expense of said improvement except that which may be the reasonable and proportionate cost of improving that part of said avenue opposite block No. twenty-four (24) in said addition, said block being the site of the Columbia School, and the whole of the cost and expense other than said proportion shall be borne by the said Lester Turner. This improvement shall be made in conformity with plans prepared and duly approved by the board of public works, and awarded to the lowest bidder giving proper bonds, said bids to be opened in behalf of said Lester Turner and the city of Seattle by the board of public works. Said work shall be prosecuted under the supervision and inspection of the city engineer and the cost of enginering and of incidental expenses to be paid into the city treasury by said Lester Turner."

The board of public works, after publication of the notice required by the city charter, and in pursuance of the said ordinance and the sections of the charter cited, let the contract for the improvement of the street to the respondent Steele. The respondent Steele and the appellant Hall then entered into the following contract:

"This agreement made and entered into this eighteenth day of January, 1900, by and between Mrs. G. E. Hall of the city of Seattle, state of Washington, the party of the first part, and A. J. Steele of the same place, the party of the second part, witnesseth, that whereas the said Steele has been awarded the contract for certain grading on Eleventh Ave. North by the Seattle board of public works. Now therefore Mrs. Hall agrees to do said grading, to leave the parking and grade completed, to leave the area for sidewalk and gutter so there shall not be over two inches of work. Said work to be done according to the specifications of the city engineer and his estimates of work to be accepted, for the sum of nineteen cents per cubic yard of dirt moved.

Work to be begun Jany. 22d and completed before March first, 1900. A penalty of ten dollars per day to be deducted from contract for each day's delay after March first. Mrs. Hall agrees to furnish sixty days work of her own teams on this work and no payment shall be made for said teams until it shall appear that this work will be satisfactorily completed, it being the intention that the earnings of said teams shall be held as a guarantee for the prompt and faithful performance of this contract. The said Steele shall himself on the last day of each month pay all men employed by Mrs. Hall and all teams employed by her except her own. After said payments have been made and this contract has been fulfilled and grading accepted and estimated by city engineer balance remaining shall be paid to Mrs. Hall."

The improvement was completed on the 11th day of June, 1900, and the board of public works filed with the comptroller of the city a certificate showing the completion of the improvements, and acceptance thereof. On the 10th of July, 1900, the appellant filed with the city comptroller the following notice:

"Notice of Claim of Lien.

Mrs. G. E. Hall, Claimant, vs. The City of Seattle. Notice of Claim of Lien for grading Eleventh Avenue North.

To the Honorable Mayor of the city of Seattle and Frank H. Paul, City Comptroller:—

You and each of you are hereby notified that the said Mrs. G. E. Hall claims a balance due her for grading Eleventh Avenue North of five hundred and seventeen dollars and sixty-nine cents upon the following itemized account:

5,251 cubic yards at 19c per yard.............$  997.69
2,032 cubic yards at 50c per yard (hard pan)... 1,016.00
Grubbing and team work, and extra work.......  149.00
                                              $2,162.69
Received on the above account from A. J. Steele
(contractor)  ...  .......................... 1,645.00
                                               $517.69

Leaving a balance of $517.69 due her for work and labor furnished in grading Eleventh Avenue North, in the city of Seattle.                    Mrs. G. E. HALL, Claimant.
State of Washington, County of King, ss.

Mrs. G. E. Hall, being first duly sworn, says: That she is the claimant herein named; that she has heard the foregoing claim read, knows the contents thereof, and believes the same to be just.           Mrs. G. E. HALL.

Subscribed and sworn to before me this 10th day of July, A. D. 1900.

(Notarial Seal.)                    ALSTON HOLE.
Notary Public in and for the State of Washington, residing at Seattle, Wash."

In 1890, in relation to conflicting claims to property, the legislature provided:

"Section 1.   Any one having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on, such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest or liens adjudged, determined and adjusted in such action.

"Sec. 2.   In all actions commenced under the preceding section, the plaintiff may disclaim any interest in the money, property or indebtedness, and deposit with the clerk of the court the full amount of such money or indebtedness, or other property, and he shall not be liable for any costs accruing in said action.   And the clerks of the various courts shall receive and file such complaint, and all other officers shall execute the necessary processes to carry out the purposes of this act, free from all charge to said plaintiff, and the court, in its discretion, shall determine the liability for costs of the action.

"Sec. 3.   Either of the defendants may set up or show any claim or lien he may have to such property, money or indebtedness, or any part thereof, and the superior right, title, or lien, whether legal or equitable, shall prevail.   The

court, or judge thereof, may make all necessary orders, during the pendency of said action, for the preservation and protection of the rights, interests, or liens of the several parties." Laws 1890, p. 93; §§ 4843-4845, Bal. Code.

On the 16th of February, 1901, the city of Seattle, as plaintiff, brought an action in the superior court of King county against A. J. Steele and Lester Turner and Mrs. G. E. Hall, as defendants, to determine who was entitled to a warrant issued by the city on the general fund of the city in the name of Lester Turner for $478.40. This warrant was for the proportion of the cost of the improvement of said street opposite block 24 which the city was to pay under the contract let by the board of public works to the respondent Steele. In its complaint the city pleaded the passage of said ordinance and its terms, and that in pursuance of the same the contract was let to Steele, the acceptance by the board of public works of the work, and that the proportion of the cost of block 24 was $478.40, and the warrant was issued on the general fund in that amount in the name of Lester Turner in payment of said cost; that on the 10th of July, 1900, the appellant Hall filed with the city comptroller a notice for balance due her for work and labor performed in grading Seventh avenue in the sum of $517.69; and that she claimed the entire amount of the Turner warrant. The complaint further alleged that Steele, Turner, and Hall claimed an interest in the warrant; that plaintiff was ignorant of the respective rights of the claimants; and that the plaintiff had no claim on the warrant, and deposited the warrant in court, to be distributed between the persons the court should direct. The prayer was that the defendants be required to interplead together concerning their claims to the said warrant issued to Lester Turner for said sum of $478.40, that upon delivering the said warrant to the clerk of the

court the plaintiff be discharged from all liability to the
said defendants in relation thereto, and that plaintiff's
costs be paid out of said deposit. The appellant Hall filed
her answer and cross complaint. She admitted all the
allegations of the complaint, except that she claimed the
grade was changed and modified by the board of public
works after the original contract was entered into, and, as
changed, was completed and accepted as the city had al-
leged in its complaint. She denied any knowledge as to
the claim of Steele and Turner to the warrant. For a
cross complaint she set forth the same facts that the city set
forth, except she further alleged a modification of the con-
tract, the completion of the same as modified, and the ac-
ceptance of the same by the city. She pleaded that she
entered into a subcontract with Steele to do the work, and
the substance of the contract. She alleged that she did the
work on the street set out in the lien notice above men-
tioned, and she claimed a balance of $517.69 for this work.
There were some immaterial allegations as to how the board
of public works was induced to change the grade. She
set forth the filing of the lien notice with the comp-
troller. She further alleged that under and by virtue of
the laws of the state of Washington, the charter and ordi-
nance of the city of Seattle, she claimed a lien upon said
warrant for her work and labor and services in grading
and improving said street, and prayed for judgment
against the defendants A. J. Steele and Lester Turner, and
each of them, for the sum of $517.69, together with her
costs and disbursements, etc., and that Lester Turner be
required to indorse said warrant, and that the same might
be delivered to this defendant, and the amount thereof be
applied upon the payment of her said claim of $517.69,
and that she be decreed to have a prior, valid, and subsist-
ing lien upon said warrant and fund, and to be entitled

to receive said warrant; that she have such other and further relief in the premises as might appear just and equit-able.

The respondent Steele answered the complaint of the city and the cross complaint of the appellant, and disclaimed any interest in the warrant, and alleged the warrant should be delivered to Turner. He denied that there was any sum whatever due the appellant, and denied that the lien notice was filed within the time required by law. He pleaded affirmatively the contract entered into between himself and the appellant, hereinbefore set out, his agreement with the city to do the work, that the city modified the plans as it had a right to do under his agreement with the city; pleaded that he had over paid the appellant in the sum of $278.70 for the work she did, and that nothing was due her. He claimed also that appellant in certain particulars failed to keep her contract, and claimed damages therefor in a sum exceeding the appellant's demand. The answer of the respondent Turner was substantially that of Steele, except that he claimed the warrant, and prayed for the delivery of it to him. The appellant Hall filed a reply to the answer and cross complaint of the defendant Steele and the answer and cross complaint of the defendant Turner, denying that she was overpaid, and the damages alleged, and putting in issue the matter pleaded by the respondent.

When the case was called for trial, a jury was impaneled. The appellant called the respondent A. J. Steele as a witness, and proceeded to interrogate him. The respondent objected to the introduction of any testimony on behalf of the appellant for the reason that her petition stated no cause of action against the respondents, and stated no grounds for relief on behalf of the appellant. The court allowed the pleadings of the appellant to be amended

so as to show that the board of public works accepted said work on the 11th of June, 1900, in place of the 9th of June, 1900. During the argument on the admission of testimony the court excused the jury from the further consideration of the case on the ground that the proceedings were in equity, and that the verdict of the jury would be merely advisory. The court then held that no evidence was admissible on the part of the appellant, because under the ordinance Lester Turner was to make the improvement at his own cost, and that the warrant drawn by the city was simply the obligation of the city for its proportionate share of the work for the school block, and that there was no obligation on the part of the city, under the ordinance authorizing the work, to retain thirty per cent. of the amount due the contractor on estimates under § 16 of the city charter. An exception was taken to this ruling. The appellant also offered in evidence the certificate of the board of public works filed on the 11th of June, 1900, accepting the work; a special notice, of date of January 2, 1900, in words following:

"To Intending Bidders on Eleventh Avenue North Improvement:

January 2d, 1900.

"Payments for the above work will be made in cash, upon presentation of estimates made by the city engineer, at the same times for estimates and payments and subject to the same conditions relating to the 30 per cent. reserve, as is required in the case of ordinary city contracts. LESTER TURNER,

By John Davis & Co., 709 Second Ave.;"—

to this was attached an estimate of clearing, earth work, solid rock, sidewalks, etc., the notice as published to contractors by the board of public works; and the lien notice of appellant, hereinbefore set out. These were excluded under the objection of the respondent, that the answer and

cross complaint of appellant did not state any grounds for relief. Exceptions were duly taken and noted. The refusal of the court to allow appellant to introduce any evidence is assigned as error. The respondents then moved the court for a judgment awarding the warrant in question to Lester Turner. This motion was granted, and costs awarded against appellant. The entry of this judgment was also assigned as error.

We think the court erred in refusing to allow the appellant to introduce testimony in support of the allegations of her answer and cross complaint. The work contracted to be done by the respondent Steele was for a public improvement, and the work was done under the direction and control of the board of public works of the city of Seattle, and the contract was let by the city authorities as provided by the city charter, just as if the improvement had been under the local assessment plan. The mere fact that Turner, who, as we infer from the brief of the respondent, was the owner of the lots, except the school lot fronting on the improvements, was to pay for the same, we think immaterial. The ordinance declares that the bids were to be opened and awarded in behalf of Lester Turner *and the city of Seattle.* The city charter provides that in letting *all* contracts for public improvements the board shall provide therein that at least thirty per cent. of the amount due the contractor on estimates shall be retained to secure the payment of the laborers who have performed work thereon. It was the duty of the city to see to it that this thirty per cent. was in the possession of the city subject to the laborer's lien, no matter how the work was paid for,—whether by assessing the property under the local assessment plan, or directly by the owner of the property benefited, as was contemplated in the ordinance under which this work was done. The city cannot evade its liability to the laborers.

Under the charter the city was to withhold this thirty per cent. from the contractor, subject to the lien for labor. The city has a part of the fund for this improvement in its possession. It should have had at least thirty per cent. of the amount due the contractor on estimates. So far as the fund on hand, we think the same is subject to the lien of the appellant, if there is anything due her on account of the work done by her on the improvement. Under the issues presented by the pleading, the appellant must establish that there is something due her for her work over and above the amount claimed to have been paid to her by the respondent Steele, and over and above the damages claimed by the respondent Steele. For the amount so found to be due her she is entitled to a lien on the fund admitted to be in the possession of the city, and evidenced by the warrant in controversy. In ascertaining the amount due to her, it will be necessary for the court to inquire into the respective allegations of the appellant and the respondents. It is true that under the act of 1890 (§§ 4843, 4844, and 4845, Bal. Code, *supra*), no provision is made for any judgment or any right whatever, beyond asserting a claim to or lien upon property, money, or funds. But we think that these sections are but supplemental to the laws relative to procedure in courts of record, and that under § 4840, Bal. Code, the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others. And we think that under the section last quoted the court has a right, if it finds with the appellant on the issues presented, to grant her the relief prayed for in her cross complaint, so far as establishing her lien against the warrant, and the indorsement of said warrant, and application thereof to the payment of said lien, and her demand for a personal judgment against Steele. The respondent con-

tends that the appellant had a lien on the lots fronting on the improved streets, under § 5902, Bal. Code, or could have sued upon the bond required to be taken under § 5925, Bal. Code, and therefore cannot pursue the remedy given under § 16 of the city charter. We do not now determine whether under §§ 5902, 5925, *supra,* the appellant had the remedy contended for by the respondents. If she had, it would be cumulative only. Notwithstanding such cumulative remedy, she still has the right to avail herself of the provisions of § 16 of the city charter.

The lien notice, taken in its entirety, was sufficient to inform the city and the respondents of the work done by the appellant in grading 11th avenue North, and the city expressly alleged in its complaint "That on the 10th day of July, 1900, one Mrs. G. E. Hall filed with the comptroller of the city of Seattle a notice claiming a balance due her for work and labor furnished in the grading of said 11th avenue for the sum of five hundred and seventeen dollars and sixty-nine cents ($517.69), and claiming the entire amount of the warrant issued to Lester Turner."

It is suggested in the respondent's brief that the court would not take judicial notice of the city charter. The lower court, in passing upon the admission of the evidence, took judicial notice of the provisions of the charter. We think the court was justified in so doing. Besides, the charter could be proven under the allegations of the complaint.

The judgment of the court below is reversed and set aside, and this cause is remanded for further proceedings in accord with the views herein expressed. The appellant to recover her costs on this appeal.

REAVIS, C. J., and MOUNT, FULLERTON, DUNBAR, ANDERS and HADLEY, JJ., concur.