[No. 8008.   Department Two.   July 21, 1909.]

MATTIE W. SMITH, *Appellant*, v. THE CITY OF SPOKANE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—ACTIONS—PRESENTING CLAIM—DAMAGES FROM GRADING STREET.  The charter of Spokane requiring all claims for damages for personal injuries or for injuries to property, sustained by reason of the negligence of the city, to be filed with the city clerk within one month, applies to claims for damages to lots by reason of the negligent removal of lateral support in grading a street.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 28, 1908, dismissing an action against a city for damages by reason of the negligent removal of lateral support, upon sustaining a demurrer to the complaint.   Affirmed.

*John Salisbury*, for appellant.

*L. R. Hamblen, F. D. Allen*, and *Harry A. Rhodes*, for respondent.

PER CURIAM.—This action was brought by plaintiff and appellant, against defendant and respondent, to recover for damages to her property caused by the removal of the lateral support to her lot, by the grading of the street, by the city of Spokane, on which appellant's property abutted.   A demurrer to the complaint was sustained.   The plaintiff electing to stand on her complaint, the cause was dismissed, and appeal followed.

The demurrer was to the effect that the complaint did not state a cause of action, for the reason that it did not appear notice had been given to the city of Spokane under the provisions of the charter, which provides, in substance, that all claims for damages for personal injuries or for injuries to

[1]Reported in 102 Pac. 1036.

property, alleged to have been sustained by reason of the negligence of the city or any officer, agent, servant, or employee thereof, must be presented to the city council within one month after any such injuries shall have been received, and that the refusal and omission to present such claim shall be taken to be a waiver of all damages on account of such injuries.

It is conceded that no claim was filed; so that the only question for our investigation is, In an action for damages for the removal of the lateral support caused by the grading of a street, must the claim for such alleged damages, under the provisions of the charter of the city of Spokane, be filed with the city council? It is not necessary to enter into a discussion of the merits of this question, for the same question was presented to this court in *Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025, under a charter provision of the city of Seattle which was practically the same as the charter provision·involved in this case. It was there decided that such charter provision applied to claims for damages to lots by reason of a change of grade. Under the authority of that case, the judgment in this case must be affirmed.