[No. 25336. *En Banc.* August 17, 1935.]

EMMA I. SHAW, *Respondent,* v. THE CITY OF YAKIMA
*et al., Appellants.*[1]

HOLCOMB, MITCHELL, and STEINERT, JJ., dissent.

[1]Reported in 48 P. (2d) 630.

*V. O. Nichoson* and *N. J. Benoit,* for appellants.

*George C. Twohy* and *Frank J. Allen,* for respondent.

BEALS, J.—Emma I. Shaw, the plaintiff in this action, has for many years owned a corner lot in Yakima, on which she has resided. Approximately fifteen years prior to the institution of this action, she planted in the parking strip, near the street corner of her lot, a two-year-old hard maple tree, which, in the course of time, grew and flourished, becoming an object of beauty, which added greatly to the enjoyment of plaintiff's property.

During the month of January, 1933, agents of the city of Yakima cut the tree down and removed it, over plaintiff's protest; and thereafter plaintiff instituted this action against the city and certain of the municipal officers thereof, praying for damages by way of compensation for the destruction of the tree. The city answered, denying liability and pleading affirmatively due authority in its board of park commissioners to remove the tree in question, if in their judgment it should be removed; alleging that the tree constituted a traffic hazard, in that it interfered with the view of persons using the streets near the intersection at which the tree stood; and further pleading that plaintiff had filed with the city no verified claim based on her alleged damage.

The action was tried to the court sitting without a jury, and resulted in findings in plaintiff's favor, the court fixing plaintiff's damage in the sum of one hun-

dred dollars, and granting judgment in her favor for treble that amount, holding that plaintiff was entitled to such damages pursuant to Rem. Rev. Stat., §§939, 6437-4 [P. C. §§ 8557, 5992-5]. The court dismissed the individual defendants from the action, and from a judgment against the city of Yakima in the sum of three hundred dollars, together with costs, the city has appealed. Plaintiff did not appeal from the dismissal of her action as against the individual defendants.

Of course, the ultimate title to that portion of the street upon which the tree in question stood rested in respondent, subject to the city's rights under the dedication of the land for street purposes. There rested also in respondent a qualified and restricted right to make reasonable use of that portion of her half of the street abutting on her property set aside as a parking strip, which respondent had the right to care for and beautify by planting grass, shrubs or trees thereon, subject always to the paramount right of the city to maintain its streets in a safe condition for traffic and to maintain the paved portion of the street and the sidewalk clear from obstructions and available for the use of the public.

The city having so improved the street as to leave the vacant strip of land, respondent was clearly within her rights in planting the tree and maintaining the same in the position in which it grew, subject to the right of the city to abate the tree as a nuisance, if for any reason it should come within such a classification, or if it should interfere with the improvement of the street area. It does not appear from the evidence that the tree was in any way a nuisance or that it interfered with any improvement which the city desired to effect, and we are satisfied that, in destroy-

ing the same, the city acted arbitrarily and without either right or reason.

In its answer to the amended complaint, appellant stated its first affirmative defense as follows:

"That plaintiff failed and neglected to file a verified claim within the time and as required by law for the damages alleged to have been caused in plaintiff's complaint."

Respondent argues that this affirmative defense is not well pleaded, and, being in the nature of a denial in manner and form, raises no issue. Under the modern liberal rules for the construction of pleadings, this contention is not well taken. In the absence of motion or demurrer, the allegation should be considered as properly pleading that respondent had filed no claim against the city.

The charter of the city of Yakima, a city of the first class, requires that claims against the city, whether sounding in tort or arising out of contract, shall be presented in writing to the city commission within thirty days after the date upon which it is claimed the damages were sustained. Article 10, § 1, Charter of the City of Yakima. Of this charter, this court will take judicial notice. *In re Cloherty*, 2 Wash. 137, 27 Pac. 1064; *Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879; *Seattle v. Turner*, 29 Wash. 515, 69 Pac. 1083; *Moore v. Dresden Investment Co.*, 162 Wash. 289, 298 Pac. 465, 77 A. L. R. 1258.

Respondent argues that this court should not judicially notice the charter of the city of Yakima, contending that the matter was not urged in the court below and was argued for the first time in appellant's brief filed in this court. In this case, appellant city did, by affirmative defense in its answer, raise the question of the failure of respondent to file a claim. The city charter requiring in certain cases the filing

of a claim, if it be held that respondent's right of action falls within a class covered by the charter provision, then without an allegation that such a claim was filed, her complaint fails to state a cause of action. *Smith v. Spokane,* 54 Wash. 276, 102 Pac. 1036. The defense was, however, raised in appellant's answer, even though the pleading was inartistically drawn.

We conclude, then, that the question of whether or not under the law respondent was required, as a condition precedent to maintaining her action, to file her claim with the city, is before us for determination.

█ Respondent contends that her claim comes within the rule laid down by this court in the cases of *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, and *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625. In the first of the cases cited, it appeared that the city, without having condemned the right to do so, improved a street, and in the course of an extensive fill which was required to bring the street to the selected grade, extended the slope of the fill on to plaintiff's property, which abutted on the street which was being improved. It was held that the action of the city constituted a taking, within article I, § 16, of the state constitution, prohibiting the taking or damaging of private property for public or private use without just compensation having been first made. In the later case above cited, it was held that a claim by the owner of real property, based upon damages occasioned by a slide caused by the removal by the city of the lateral support of the property, was within the constitutional provision, and that damages were recoverable under the constitution without the filing of a claim.

Respondent's action does not fall within the protection of the constitution. The land embraced within the boundaries of the streets adjoining respondent's prop-

erty was dedicated for street purposes. While the ultimate reversion of the land so dedicated rested in the owners of the abutting property, and while such owners had a qualified property right in certain appurtenances to the dedicated property, such as the tree with which we are here concerned, the city to which the land was dedicated may and should properly improve the same for the benefit of the abutting owners and the public at large, and such an act as the cutting of the tree does not constitute a taking of respondent's property within the constitutional provision. In the two cases cited, there was an actual physical invasion of the land owned in fee by the citizen, the ownership being subject to no easement, right or estate whatsoever on the part of the city.

In the case at bar, there was no interference with the lots owned by respondent. Under certain circumstances, a city has the right, and it may well be its duty, to remove trees from land dedicated to public use as streets. The city must, of course, in accomplishing such a work, proceed in a lawful way, but the qualified ownership existing in the owner of abutting property in a tree standing in a street does not constitute private property in the sense that, before the city may interfere with such a tree, it must by legal proceedings condemn the right to do so.

In this instance, any right which respondent may have had against the city was simply a claim sounding in tort, and, as a condition precedent to maintaining an action against the city, based upon the removal of the tree, respondent was required to file a claim in accordance with the charter of the city of Yakima and the statutes of the state of Washington applicable to such a situation. This, respondent did not do.

The judgment appealed from is accordingly re-

versed, with instructions to the trial court to dismiss the action.

TOLMAN, MAIN, GERAGHTY, and BLAKE, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent.

The record in this case shows that the tree was taken by the city, along with others, to provide employment and wood for the unemployed. The destruction of the tree was a taking and hence a damaging to the owner of abutting property on the street. *Simons v. Wilson,* 61 Wash. 574, 112 Pac. 653. That being the case it was, as alleged in the complaint of respondent, a violation of her constitutional right to damages for the taking or injuring of her real estate. *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504; 135 Pac. 820; *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625.

Under those cases and several others cited therein, the city could not go upon the real estate in question as a trespasser, or tort-feasor, if it would. See, also, *Great Northern R. Co. v. State,* 102 Wash. 348, 173 Pac. 40, L. R. A. 1918 E 987. Therefore, no claim was necessary to be filed by respondent to support her action for the taking or damaging of her real estate without condemnation.

By the same legal principle, however, it is inconceivable that a municipality could be held for punitive or exemplary damages. The allowance of treble damages, of course, is only upon the theory of exemplary damages.

The statute, Rem. Rev. Stat., § 939 [P. C. § 8557], authorizing treble damages in case of cutting down trees on another's real estate is, so far as material, as follows:

"Whenever any person shall cut down . . . any tree, . . . on the land of another person, . . . without lawful authority, in an action by such person, . . . against the person committing such trespasses,

. . . if judgment be given for the plaintiff, it shall be given for ·treble the amount of damages claimed. . . .''

In an early case, *Gardner v. Lovgren,* 27 Wash. 356, 67 Pac. 615, we held that this statute, being of a penal nature, must be construed strictly, and that there must be the intent to commit the trespass as a necessary element, in order to justify the imposition of treble damages. See, also, *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645. The rule of the *Gardner* case, *supra,* was reaffirmed in *Bailey v. Hayden,* 65 Wash. 57, 117 Pac. 720.

Although the agents of the city may have been trespassers and tort-feasors in this case, they were absolved by the trial court, from which action respondent did not appeal. They may have been liable for treble damages had they been held liable, under the case of *Simons v. Wilson, supra.* However, they are not here.

The actual damages having been found by the court to amount to one hundred dollars, although it seems rather large for the nature of the injury, should be allowed as compensatory damages.

The judgment allowing treble damages should be reversed, and the cause remanded with instructions to enter judgment for actual damages in the sum of one hundred dollars.

MITCHELL and STEINERT, JJ., concur with HOLCOMB, J.