[No. 30357.   Department Two.   April 8, 1948.]

TIMOTIO DISCARGAR, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

*L. A. Michelson, Leo W. Stewart,* and *Charles H. Heighton,* for appellant.

*A. C. Van Soelen* and *Arthur Schramm,* for respondent.

BEALS, J.—This action was tried before the superior court for King county upon the complaint of Timotio Discargar, as plaintiff, and the city of Seattle, a municipal corporation,

[1]Reported in 191 P. (2d) 870.

as defendant. The plaintiff sued the defendant for the recovery of damages suffered by him as the result of his being struck and severely injured by a motor bus operated by the defendant. The issues having been completed, the action was tried to a jury, which returned a verdict in favor of the plaintiff, who was represented by Leo W. Stewart and L. A. Michelson, as his attorneys.

The defendant seasonably moved for judgment in its favor notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the motion for judgment notwithstanding the verdict, but granted the defendant's motion for a new trial, from which order plaintiff has appealed.

This action has been previously before this court (*Discargar v. Seattle*, 25 Wn. (2d) 306, 171 P. (2d) 205) on appeal by the plaintiff from a judgment dismissing the action, entered pursuant to the verdict of a jury in favor of the defendant. The judgment was reversed, and the cause remanded, with direction for the trial court to grant plaintiff's motion for a new trial. After the granting of a new trial, pursuant to the remand from this court, the action was again tried, with the result above stated.

Respondent's motion for a new trial was based upon several grounds, one of the grounds stated being misconduct of the prevailing party. The trial court, by the order appealed from, granted respondent's motion for a new trial "on the sole ground of misconduct of counsel."

It is necessary to discuss only the facts upon which the trial court based its order granting respondent's motion for a new trial.

After the accident which resulted in appellant's injuries, appellant seasonably filed his claim against the city with the city clerk. Upon the second trial of the action, respondent city called, as a witness on its behalf, John F. Cooper, who testified that he then was, and for fifteen years had been, the claim agent of respondent city; that, after appellant had suffered the injuries complained of, and had filed his claim with respondent, appellant, together with Mr. Michelson, one of his attorneys, Mr. Gonzales, who acted as interpreter for appellant, and another friend of appellant named Philepe,

called upon the witness. On direct examination, the witness testified as to certain statements made to him by appellant concerning the accident. The statement of facts discloses that, upon appellant's cross-examination of the witness, the following occurred:

"By Mr. Stewart: Q. You are the head of the claim office? A. Yes, I am general manager, that is true, of that department. Q. All claims against the City of Seattle come to your department? A. Yes sir. Q. Mr. Hoban is one of your investigators? A. Yes sir. Q. That conversation that you have related here, the parties to that conversation as I understand were Mr. Michelson, the attorney sitting here by me, Mr. Discargar, the plaintiff, and Mr. Gonzales and a man you never met before, but I take it was Mr. Philepe? A. Mr. Michelson knows him. Q. Was Mr. Philepe there or not? A. Yes sir. Q. They all came to your office in respect to what? A. Mr. Michelson called me and asked me to meet Mr. Discargar and talk about the accident. He wanted to come up and he wanted to find out— Q. The substance of your conversation was for the purpose of talking to see what adjustment of the matter could be had. Mr. Schramm: I object to that as improper. A. Mr. Michelson wanted to adjust it. Mr. Stewart: Why is it improper? Mr. Schramm: It is not competent. I withdraw the objection. A. Mr. Michelson wanted to adjust it. Q. To adjust his claim? A. Yes. Q. You were sitting at your desk and around you were these three men? A. Yes sir. Q. You used an interpreter for Discargar and the questions I understand were made to him in English in a similar way to the way he was questioned here? A. I think the interpreter did most of the talking. Mr. Michelson was asking them once in a while and me a little."

The cross-examination of the witness was then directed to statements made by appellant and to testimony introduced upon the first trial of the action.

The redirect examination of the witness was also directed to statements made by appellant and to testimony given by the witness on the preceding trial.

Appellant offered no evidence which tended to contradict Mr. Cooper's testimony that the interview, above referred to, between Mr. Cooper and Mr. Michelson, appellant, and

appellant's two friends, had taken place pursuant to Mr. Michelson's request.

Immediately upon the close of the court's instructions to the jury, the trial was recessed until the following morning. The statement of facts discloses the following as having occurred when court reconvened:

"January 30, 1947, 10:00 o'clock A. M. Hearing resumed; all parties present. THE COURT: You may proceed. Thereupon the case was argued to the jury. During the closing argument of Mr. Stewart, one of counsel for the plaintiff, the following proceedings took place:

"MR. STEWART: . . . Mr. Cooper, the claim agent, and Mr. Michelson and Mr. Discargar were together and they were talking of the settlement of the— MR. SCHRAMM: I object to counsel's comment. THE COURT: The jury will disregard that. MR. STEWART: I will not say a settlement. I will say that Mr. Cooper and they were discussing the case, and what they were talking to the City claim agent about you have a right to draw your own conclusions. Mr. Cooper is the claim agent who he was going to talk to about settling the case, and the magnitude of it is something that he might be subject to criticism— MR. SCHRAMM: Again I renew my objection to his again talking about a settlement, and I now ask for a mistrial. MR. STEWART: I don't think that it was so intended. THE COURT: Read the statement. (The statement is read by the reporter.) THE COURT: The jury will disregard the statement of counsel, and further refrain from discussing that. MR. STEWART: I did not want it to show in the form that you now put it. Now, ladies and gentlemen, at that time Mr. Cooper went into the statement of what this man said, and I understand Mr. Cooper to say on the stand, and I will call attention to this part of the statement, and it is in black and white. He said— MR. SCHRAMM: I object to his reading from the transcript. MR. STEWART: It is a part of the evidence right there. MR. SCHRAMM: I object to counsel reading from the transcript in the argument. It is not proper. MR. STEWART: It is in evidence. MR. SCHRAMM: I object to that. You cannot take a deposition and read it to the jury in the argument. THE COURT: I am not sure about that, Mr. Schramm. MR. STEWART: In deference to counsel I will not do so.

"Thereupon Mr. Stewart proceeded with his argument, at the conclusion of which the jury retired to consider their verdict.

"MR. SCHRAMM: If the Court please, immediately upon the retirement of the jury the defendant City of Seattle moves the Court at this time for a mistrial and to discharge the jury from further consideration of this case on the ground of misconduct of counsel during the argument of the case. Counsel started to argue to the effect that Mr. Cooper and Mr. Michelson got together for the purpose of discussing settlement. When I objected the Court sustained my objection and instructed the jury to disregard that statement. On one occasion counsel started in with talking of settlement, and two times at least deliberately injected the matter of settlement in this case, and it is highly prejudicial. I do not think that can be cured. I move for a mistrial at this time. THE COURT: The motion will be denied. In the event of a verdict it can be raised later. MR. SCHRAMM: I have to move for a mistrial to take advantage of it. THE COURT: I will deny the motion."

Thereafter, counsel for the respective parties stated their exceptions to the instructions given by the trial court and to the refusal of the court to give instructions which had been requested.

In connection with the argument of respondent's motion for a new trial, appellant filed two affidavits, one by his counsel Leo W. Stewart, and the other by his counsel L. A. Michelson. Mr. Stewart's affidavit reads as follows:

"LEO W. STEWART, being first duly sworn on oath deposes and says; that he is one of the attorneys for plaintiff, and that he made the argument for the plaintiff, and that the facts stated in defendant's brief as to what counsel said is untrue, in relation to that portion set out by the official court reporter as follows:

" 'Mr. Cooper is the claim agent who he was going to talk to about settling the case— '

"Affiant consulted the official court reporter, Mr. Abel, and learned from him that he was unable to take down the complete statement at the time of the trial, but that he attempted to read his notes and he made the following statement from his notes after talking with counsel:

" 'Mr. Cooper is the claim agent who he was going to talk to about settling the case, and the magnitude of it is something that he might be subject to criticism— '

"Mr. Abel stated that he was unable to say whether that was all the statement of counsel.

"At the time of the argument counsel recalls specifically that he stated in verbatim as follows:

" 'Mr. Cooper is the claim agent of the City of Seattle, but he probably would not make a settlement of this case because of the magnitude of it, as he might be subject to criticism.'

"Attached to this affidavit is the statement furnished affiant by the official court reporter."

Mr. Michelson, in his affidavit, set forth his recollection of Mr. Stewart's statement in the course of his final argument before the jury, his recollection being practically the same as Mr. Stewart's.

We assume that, in the absence of an instruction to the official reporter to take down verbatim the arguments of counsel, such arguments are not generally reported. As above quoted from the statement of facts, it appears that, when counsel for respondent objected to Mr. Stewart's argument, the official reporter then took notes, which were transcribed, made a part of the statement of facts, and certified by the trial court.

After argument of respective counsel upon respondent's motion for a new trial, the trial court filed a memorandum opinion, which is included in the statement of facts.

From the record before us, it is clear that Mr. Michelson, one of appellant's attorneys, on behalf of appellant, requested that Mr. Cooper, claim agent for the city of Seattle, permit appellant and Mr. Michelson to call upon him, and that Mr. Cooper consented. The meeting, above referred to, between Mr. Cooper and appellant, his counsel, an interpreter, and another friend of appellant, was held at appellant's request. Mr. Cooper, called as a witness by respondent, testified, upon his examination in chief, only concerning two statements made by appellant during the meeting. The fact that a meeting was arranged at the request of appellant's counsel was disclosed during Mr. Cooper's cross-examination by Mr. Stewart, *supra.*

As disclosed by the statement of facts, appellant's counsel, during the course of his closing argument, stated to the jury that Mr. Cooper, the appellant, and Mr. Michelson

"were together and they were talking of the settlement of the—," whereupon respondent's counsel objected, and the court instructed the jury to disregard the statement. Mr. Stewart's argument continued as above set forth, with objections made by respondent's counsel, and certain rulings of the court.

The affidavits of Messrs. Stewart and Michelson, filed prior to the argument of respondent's motion for a new trial, while not entirely agreeing with the official reporter's transcript contained in the statement of facts, are not in substantial conflict therewith. In any event, we accept the narrative contained in the statement of facts as a correct transcription of that portion of counsel's argument. The proposed statement of facts was, of course, prepared by appellant, and, in due time, certified by the trial judge.

The affidavits filed by appellant's counsel are included in the statement of facts as having been "filed in the matter of the motion for new trial," but, while they doubtless were called to the attention of the trial court, the record of the proceedings as made by the official reporter was, apparently, nowise altered.

Appellant's counsel contend that the meeting between appellant, one of his counsel, and Mr. Cooper, held at the request of appellant's counsel, could properly be used as a basis for statements in appellant's closing argument to the jury that the matter of a settlement of the claim was discussed (a portion of the argument having been later withdrawn by counsel, but, of course, heard by the jury), and that the jury might draw their own conclusions as to the subject matter of the conversation of the parties at the meeting in question, and that, in effect, the magnitude of appellant's claim might be the subject of criticism (which could only mean, if Mr. Cooper recommended a settlement thereof).

In his affidavit, Mr. Stewart states positively that he used the following language:

" 'Mr. Cooper is the claim agent of the City of Seattle, but he probably would not make a settlement of this case

because of the magnitude of it, as he might be subject to criticism.'" .

█ The last portion of the quotation from the closing argument to the jury by appellant's counsel that "Mr. Cooper is the claim agent who he [Mr. Michelson] was going to talk to about settling the case, and the magnitude of it is something that he might be subject to criticism—," or the version of his argument stated by appellant's counsel in his affidavit above quoted, was extremely improper, there having been no evidence whatever introduced before the jury which would support such a statement, and because the argument was an unfair and unreasonable deduction from the evidence.

█ The city charter of respondent, of which we take judicial notice (*Shaw v. Yakima,* 183 Wash. 200, 48 P. (2d) 630), provides that:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. . . ." Art. IV, § 29, charter of the city of Seattle.

█ Of course, the city claim agent could not "make a settlement" of a claim or a lawsuit against the city. When a claim is referred to the claim agent by the appropriate department of the city government, it must be assumed that the claim agent's duties are accomplished when he makes a report to that department, which, in turn, through its chief officer, would report to the city council, which would then take appropriate action. It should be assumed that the claim agent would deal honestly with the department which had referred a claim to him for investigation, and would fairly and frankly state his opinion concerning a claim and the liability of the city thereon, whether the amount claimed was small or large. Certainly, a claim

agent would be "subject to criticism" if his report were not complete and frank, and if it did not honestly disclose to the department his opinion as to the probable or possible liability or nonliability of the city.

In the case at bar, the record is silent concerning the official action, if any, taken by Mr. Cooper upon appellant's claim. It nowhere appears that he ever made any report on the claim to the department which had referred the same to him for investigation or to any officer of respondent.

In the order appealed from, the trial court granted respondent's motion for a new trial "on the sole ground of misconduct of counsel."

■ This court has repeatedly stated that, in passing upon a motion for a new trial, the trial court has a wide discretion, and that its judgment in ruling upon the motion must be accorded great weight. This is true whether the action of the trial court reviewed here granted or denied a motion for a new trial.

In the case of *O'Neil v. Crampton*, 18 Wn. (2d) 579, 140 P. (2d) 308, we said:

"In passing upon a question of this kind, the appellate court must, to a great extent, be guided by the action of the trial judge, who is able to observe any reaction of the jurors unfavorable to the complaining party by reason of the misconduct of counsel."

The cases of *State v. Van Luven*, 24 Wn. (2d) 241, 163 P. (2d) 600, and *Petey v. Larson*, 28 Wn. (2d) 790, 183 P. (2d) 1020, are to the same effect.

Counsel for the respective parties argue concerning the extent to which discussions between persons in connection with a claim of one against the other are privileged. Such questions have often been before courts (including this court) for determination. Of course, such matters, presented to judicial tribunals for decision, vary greatly as to the facts, and it is unnecessary that any such question be here considered.

■ Appellant's counsel, in his closing argument, when respondent had no opportunity to answer, sought advantage because of the interview between appellant and his coun-

sel, on the one hand, and the city claim agent, on the other, which interview had taken place at appellant's request. Counsel very directly suggested to the jury that the large amount claimed by appellant by way of damages probably caused Mr. Cooper to fail to "settle the claim," which, of course, was a matter entirely beyond Mr. Cooper's authority. This was a matter of pure inference on the part of counsel, the evidence which was before the jury containing absolutely nothing which could, in any way, tend to support such an insinuation. This portion of counsel's argument was improper and should not have been presented to the jury.

The trial court was in a much better position than are we to determine whether or not counsel's argument resulted in undue prejudice to respondent's right to have the case fairly submitted to the jury.

The order of the trial court, granting respondent's motion for a new trial, is affirmed.

MALLERY, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.